IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

MARTIN DALE DAVIS,     )
     )
    Plaintiff,     )
     )
vs.     )    Case No.: 3:18-CV-05103-RK
     )
BARRY COUNTY, MISSOURI,     )
     )
    Defendant.     )

## ANSWER OF DEFENDANT BARRY COUNTY

COMES NOW Defendant Barry County (hereinafter "Answering Defendant"), by and through its undersigned counsel of record, and for its Answer to Plaintiff's Amended Complaint (hereinafter "Complaint") states and alleges to the Court as follows.

1.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 1 of the Complaint and, therefore, denies same.

2.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 2 of the Complaint and, therefore, denies same.

3.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 3 of the Complaint and, therefore, denies same.

4.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 6 of the Complaint.

7. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 7 of the Complaint.

8. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 10 of the Complaint and, therefore, denies same.

11. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 12 of the Complaint and, therefore, denies same.

13. Answering Defendant admits paragraph 13 of the Complaint.

14. Answering Defendant admits Defendant Epperly is a former Sheriff of Barry County, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Answering Defendant admits Defendant Davis is the current Sheriff of Barry County, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 15 of the Complaint and, therefore, denies same.

16. Answering Defendant admits Defendant Bland was employed at the Barry County Jail, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Answering Defendant admits Defendant Smith was formerly employed at the Barry County Jail, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 17 of the Complaint and, therefore, denies same.

18. Answering Defendant admits Defendant Arnold was employed at the Barry County Jail, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 18 of the Complaint and, therefore, denies same.

19. Answering Defendant admits Defendant Daniel was employed at the Barry County Jail, but is without sufficient information or knowledge to admit or deny the balance of the

allegations, matters and averments made or contained in paragraph 19 of the Complaint and, therefore, denies same.

20.     Answering Defendant admits Defendant Lane was employed at the Barry County Jail, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 20 of the Complaint and, therefore, denies same.

21.     Answering Defendant admits Defendant Weston was employed at the Barry County Jail, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 21 of the Complaint and, therefore, denies same.

22.     Answering Defendant admits Defendant Gallahue was employed at the Barry County Jail, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 22 of the Complaint and, therefore, denies same.

23.     Answering Defendant admits Defendant Hill was employed at the Barry County Jail, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in paragraph 23 of the Complaint and, therefore, denies same.

24.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 24 of the Complaint and, therefore, denies same.

25.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 25 of the Complaint and, therefore, denies same.

26.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 26 of the Complaint and, therefore, denies same.

27.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 27 of the Complaint and, therefore, denies same.

28.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 28 of the Complaint and, therefore, denies same.

29.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 29 of the Complaint and, therefore, denies same.

30.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 30 of the Complaint and, therefore, denies same.

31.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 31 of the Complaint and, therefore, denies same.

32.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 32 of the Complaint and, therefore, denies same.

33.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 33 of the Complaint and, therefore, denies same.

34.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 34 of the Complaint and, therefore, denies same.

35.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 35 of the Complaint and, therefore, denies same.

36.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 36 of the Complaint and, therefore, denies same.

37.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 37 of the Complaint and, therefore, denies same.

38.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 38 of the Complaint and, therefore, denies same.

39.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 39 of the Complaint and, therefore, denies same.

40.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 40 of the Complaint and, therefore, denies same.

41.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 41 of the Complaint and, therefore, denies same.

42.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 42 of the Complaint and, therefore, denies same.

43.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 43 of the Complaint and, therefore, denies same.

44.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 44 of the Complaint and, therefore, denies same.

45.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 45 of the Complaint and, therefore, denies same.

46.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 46 of the Complaint and, therefore, denies same.

47.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 47 of the Complaint and, therefore, denies same.

48.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 48 of the Complaint and, therefore, denies same.

49.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 49 of the Complaint and, therefore, denies same.

50.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 50 of the Complaint and, therefore, denies same.

51.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 51 of the Complaint and, therefore, denies same.

52.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 52 of the Complaint and, therefore, denies same.

53.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 53 of the Complaint and, therefore, denies same.

54.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 54 of the Complaint and, therefore, denies same.

55.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 55 of the Complaint and, therefore, denies same.

56.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 56 of the Complaint and, therefore, denies same.

57.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 57 of the Complaint and, therefore, denies same.

58.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 58 of the Complaint and, therefore, denies same.

59.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 59 of the Complaint and, therefore, denies same.

60. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 60 of the Complaint and, therefore, denies same.

61. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 61 of the Complaint and, therefore, denies same.

62. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 62 of the Complaint and, therefore, denies same.

63. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 63 of the Complaint and, therefore, denies same.

64. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 64 of the Complaint and, therefore, denies same.

65. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 65 of the Complaint and, therefore, denies same.

66. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 66 of the Complaint and, therefore, denies same.

67.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 67 of the Complaint and, therefore, denies same.

68.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 68 of the Complaint and, therefore, denies same.

69.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 69 of the Complaint and, therefore, denies same.

70.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 70 of the Complaint and, therefore, denies same.

71.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 71 of the Complaint and, therefore, denies same.

72.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 72 of the Complaint and, therefore, denies same.

73.     Answering Defendant denies each and every other allegation, matter and averment made or contained in paragraphs 1 through 72 of the Complaint not specifically and previously admitted herein.

## COUNT I

74. To the extent paragraph 73 of Count I of the Complaint incorporates by reference each and every other allegation set forth previously in said Complaint, Answering Defendant incorporates herewith its responses to said allegations as set forth in this Answer as though said responses had been set forth at length herein.

75. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 74 of the Complaint and, therefore, denies same.

76. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 75 of the Complaint.

77. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 76 of the Complaint and, therefore, denies same.

78. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 77 of the Complaint.

79. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 78 of the Complaint and, therefore, denies same.

80. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 79 of the Complaint and, therefore, denies same.

81. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 80 of the Complaint.

82.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 81 of the Complaint and, therefore, denies same.

83.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 82 of the Complaint and, therefore, denies same.

84.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 83 of the Complaint.

85.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 84 of the Complaint.

86.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Count I of the Complaint not specifically and previously admitted herein.

87.     Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count I of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT II

88.     To the extent paragraph 85 of Count II of the Complaint incorporates each and every prior allegation, Answering Defendant incorporates herewith its responses to said allegations as set forth in this Answer as though said responses had been set forth at length herein.

89.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 86 of the Complaint and, therefore, denies same.

90.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 87 of the Complaint and, therefore, denies same.

91.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 88 of the Complaint and, therefore, denies same.

92.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 89 of the Complaint and, therefore, denies same.

93.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 90 of the Complaint and, therefore, denies same.

94.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 91 of the Complaint and, therefore, denies same.

95.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 92 of the Complaint and, therefore, denies same.

96.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 93 of the Complaint and, therefore, denies same.

97.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 94 of the Complaint.

98.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 95 of the Complaint.

99.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Count II of the Complaint not specifically and previously admitted herein.

100.    Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count II of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT III

101.    To the extent paragraph 96 of Count III of the Complaint incorporates by reference the prior allegations of said Complaint, Answering Defendant incorporates herewith its responses to said paragraphs as set forth in this Answer as though said responses had been set forth at length herein.

102.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 97 of the Complaint and, therefore, denies same.

103.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 98 of the Complaint and, therefore, denies same.

104.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 99 of the Complaint and, therefore, denies same.

105.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 100 of the Complaint and, therefore, denies same.

106.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 101 of the Complaint and, therefore, denies same.

107.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 102 of the Complaint and, therefore, denies same.

108.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 103 of the Complaint and, therefore, denies same.

109.    Answering Defendant denies the allegations, matters and averments made or contained in paragraph 104 of the Complaint.

110.    Answering Defendant denies the allegations, matters and averments made or contained in paragraph 105 of the Complaint.

111.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 106 of the Complaint and, therefore, denies same.

112.     Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 107 of the Complaint and, therefore, denies same.

113.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 108 of the Complaint.

114.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 109 of the Complaint.

115.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 110 of the Complaint.

116.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 111 of the Complaint.

117.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 112 of the Complaint.

118.     Answering Defendant denies the allegations, matters and averments made or contained in paragraph 113 of the Complaint.

119.     Answering Defendant denies each and every other allegation, matter and averment made or contained in Count III of the Complaint not specifically and previously admitted herein.

120.     Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count III of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## COUNT IV

121.    To the extent paragraph 114 of Count IV of the Complaint incorporates by reference the prior allegations of said Complaint, Answering Defendant incorporates herewith its responses to said allegations as set forth in this Answer as though said responses had been set forth at length herein.

122.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 115 of the Complaint and, therefore, denies same.

123.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 116 of the Complaint and, therefore, denies same.

124.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 117 of the Complaint and, therefore, denies same.

125.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 118 of the Complaint and, therefore, denies same.

126.    Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 119 of the Complaint and, therefore, denies same.

127. Answering Defendant is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 120 of the Complaint and, therefore, denies same.

128. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 121 of the Complaint.

129. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 122 of the Complaint.

130. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 123 of the Complaint.

131. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 124 of the Complaint.

132. Answering Defendant denies the allegations, matters and averments made or contained in paragraph 125 of the Complaint.

133. Answering Defendant denies each and every other allegation, matter and averment made or contained in Count IV of the Complaint not specifically and previously admitted herein.

134. Answering Defendant incorporates herewith that portion of this Answer entitled "Affirmative Defenses" as though said affirmative defenses had been set forth at length herein.

WHEREFORE, having fully answered Count IV of the Complaint, Answering Defendant respectfully prays to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

135. Answering Defendant denies each and every other allegation, matter and averment made or contained in Plaintiff's Complaint not specifically and previously admitted herein.

136.    Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Answering Defendant and fails to state a claim upon which relief may be granted against it so that the same should be dismissed at Plaintiff's costs.

137.    For other affirmative answer and defense, Answering Defendant alleges that any and all actions or acts committed by it or on its behalf were discretionary in nature and taken in good faith, and that this Defendant is protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity and/or judicial immunity.

138.    For other affirmative answer and defense, Answering Defendant alleges it acted with objective reasonableness under the circumstances then existing, and its conduct was justified and/or privileged.

139.    For other affirmative answer and defense, Answering Defendant alleges that Plaintiff's damages, if any, were proximately caused by his own negligence and/or acts and/or the negligence and acts of others who are beyond the control of Answering Defendant, and whose fault should be compared.

140.    For other affirmative answer and defense, Answering Defendant states that to the extent, if any, that Plaintiff's Complaint attempts to state any cause of action under Missouri state law, Answering Defendant is protected from liability by Missouri's public duty doctrine and/or Missouri's official immunity doctrine and/or sovereign immunity by virtue of R.S.Mo. § 537.600, *et seq.*

141.    For other affirmative answer and defense, Answering Defendant states that to the extent Plaintiff's Complaint attempts to seek or obtain injunctive or equitable relief, such relief is not available on the grounds that Plaintiff lacks standing, fails to present a justiciable claim and/or

has failed to satisfy the "case or controversy" jurisdictional requirement of the United States Constitution.

142.     For other affirmative answer and defense, Answering Defendant states that Plaintiff is not entitled to any punitive damage award against it for any one or more of the following reasons:

(a)     The standards by which Answering Defendant's conduct is to be determined as alleged by Plaintiff are vague and wholly arbitrary and, as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

(b)     The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Answering Defendant of the potential repercussions of its alleged conduct and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(c)     Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

(d)     Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(e)     Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

(f)     Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United

States Constitution in that defendant's wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

(g)     Plaintiff's request for punitive damages cannot protect Answering Defendant against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

(h)     An award of punitive damages would violate Answering Defendant's due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

(i)     To the extent Answering Defendant is being sued in its representative and/or official capacity, Plaintiff is not entitled to any punitive damage award against it, and because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 pursuant to the United States Supreme Court's opinion in *City of Newport v. Fact Concerts, Inc.;*

(j)     To the extent Answering Defendant is being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by R.S.Mo. § 537.610.

143.     For other affirmative answer and defense, Answering Defendant states Plaintiff's claims are barred by the fact that he has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act including, but not limited to, 42 U.S.C. § 1997e(a).

144.     For other affirmative answer and defense, Answering Defendant states that in the event Plaintiff is entitled to, or is awarded any damages, he is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. § 1997e(e).

145. Answering Defendant reserves the right to assert and plead additional affirmative defenses when facts supporting said affirmative defenses become known and available to it.

WHEREFORE, based upon the above and foregoing, Answering Defendant respectfully prays to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Answering Defendant demands a trial by jury on all issues and claims.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


/s/ David S. Baker
David S. Baker                                    #30347
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
816-523-4667, Ext. 121; Fax: 816-523-5667
dbaker@fisherpatterson.com

and

Jeannette L. Wolpink                              #54970
51 Corporate Woods, Suite 300
9393 W. 110th Street
Overland Park, KS 66210
913-339-6757; Fax: 913-339-6187
jwolpink@fisherpatterson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018, I electronically filed the foregoing with the Clerk of the Court and that an electronic notice of filing and a copy of the foregoing will automatically be sent to the following:

J. Andrew Hirth
TGH Litigation, LLC
913 E. Ash Street
Columbia, MO 65201
*Attorneys for Plaintiff*

/s/ David S. Baker
DAVID S. BAKER